IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**KIMBERLEE DAVENPORT**                                                                                  **PLAINTIFF**

**VS.**                                                       **CIVIL ACTION NO: 2:12-cv-00233-KS-MTP**

**HANSAWORLD, USA, INC., ET AL.**                                                              **DEFENDANTS**

## ORDER

This matter is before the court on the Plaintiff's Motion to Allow Service by Email Upon Karl Bohlin [38]. The court, having considered the submissions of the parties and the applicable law, finds that the Motion should be denied.

Defendant Karl Bohlin is a citizen of Sweden and is the director of all HansaWorld offices. Plaintiff maintains she has attempted service upon Mr. Bohlin by the following means: personal service at his Miami, Florida apartment, by mail to his home address in Sweden, by mail to HansaWorld USA's office in Miami, and by mail to HansaWorld's Sweden office.

Plaintiff argues that because she has made diligent efforts to serve Mr. Bohlin by several different means, because Mr. Bohlin does business online, and because his email address is readily available and has previously been used to communicate with Plaintiff and her former counsel, she should be allowed to serve him with process by email. Moreover, Plaintiff points out that she would incur an additional expense of $1600 to serve Mr. Bohlin in Sweden.

Defendant HansaWorld USA, Inc. opposes the motion, claiming that service by email is contrary to Fifth Circuit law and the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"), of which Sweden is a signatory state.

Service of process on foreign defendants must comply with the provisions of the international forum and the Hague Convention. *Volkswagenwerk Aktiengesellschaft v. Schlunk*,

486 U.S. 694, 700 (1988). As Defendants point out, the Fifth Circuit has held that the Hague Convention does not permit service by mail. *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 384 (5th Cir. 2002). The *Nuovo Pignone* case does not address whether service by email is acceptable under the Hague Convention, and the court has been unable to locate a Fifth Circuit or Mississippi district court case allowing email service under the Hague Convention; the parties also point to none. Accordingly, Plaintiff's motion should be denied.

IT IS, THEREFORE, ORDERED:

1. Plaintiff's Motion to Allow Service by Email Upon Karl Bohlin [38] is denied.

2. Plaintiff is granted an extension of time until September 2, 2013, to serve process on Mr. Bohlin in accordance with the Hague Convention and Fifth Circuit law.

SO ORDERED AND ADJUDGED this the 31st day of May, 2013.

s/ Michael T. Parker
United States Magistrate Judge