**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**KIMBERLEE DAVENPORT**                                                                           **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 2:12-CV-233-KS-MTP**

**HANSAWORLD USA, INC.**                                                            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiff Kimberlee Davenport's Motion for Reconsideration [109]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds that the motion is not well taken and should be denied.

## I.  BACKGROUND

On May 20, 2014, the Court entered its Memorandum Opinion and Order [108], granting the Defendant HansaWorld USA, Inc.'s ("HansaWorld USA") Partial Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to Dismiss") [69], and the Defendant HansaWorld Holding Limited's ("HansaWorld Holding") Motion to Dismiss [94]. Davenport's Title VII cause of action was dismissed because she could not establish that HansaWorld USA employed "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year" pursuant to Title 42 U.S.C. § 2000e(b).  Central to this ruling was the Court's determination that foreign citizens employed outside the United States are excluded from the employee count under § 2000e(b).  HansaWorld Holding was dismissed from the litigation without prejudice for lack of personal jurisdiction.  Davenport failed to show that HansaWorld Holding itself engaged in any conduct rendering it subject to being sued in Mississippi.  The Court also found that the contacts of HansaWorld USA could not be imputed to HansaWorld Holding based on an alter ego theory of personal jurisdiction.  Davenport now seeks reconsideration of the Court's Memorandum Opinion and Order [108] due to alleged errors in the Court's ruling.

## II.  DISCUSSION

### A. Standard of Review

The Federal Rules of Civil Procedure do not explicitly recognize a motion for reconsideration.  Nonetheless, this Court and others consider such motions under Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment), when they are filed within the time period specified under this Rule.  *See, e.g.*, *B & C Marine, LLC v. Cabiran*, No. 12-1015, 2013 WL 950562, at *1 (E.D. La. Mar. 11, 2013); *Garrison v. Tex. S. Univ.*, No. H-11-2368, 2013 WL 247028, at *1 (S.D. Tex. Jan. 22, 2013); *Insurasource, Inc. v. Fireman's Fund Ins. Co.*, No. 2:11cv82, 2012 WL 1365083, at *1-2 (S.D. Miss. Apr. 19, 2012).  Davenport's motion was filed thirteen (13) days after the entry of the subject Order [108], which was well within Rule 59(e)'s 28-day deadline.  There are three grounds for reconsideration under Rule 59(e):  "'(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice.'"  *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000) (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).  However, since no final judgment has been entered in this cause, the Court may also revise its prior ruling "for any reason it deems sufficient." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (citation omitted), *cert. denied*, 134 S. Ct. 618 (2013).

### B. The Dismissal of Davenport's Title VII Claims

Davenport has failed to present any arguments, evidence, or authorities warranting reconsideration of the Court's dismissal of her claims brought under Title VII.  Davenport essentially argues that the forty-five employees she previously identified in opposition to dismissal should be counted under Title VII because even though the employees were not physically present in the United States, they "were working in the United States through the

-2-

internet, through telecommunications, and through the United States Postal Service." (Pl.'s Mot. for Recon. [109] at ¶ 8.)  The authorities cited by Davenport in support of this argument that were also cited in her initial briefing on the Motion to Dismiss [69] have already been considered and do not necessitate any revision of the Court's Memorandum Opinion and Order [108].  *See, e.g.*, *Morelli v. Cedel*, 141 F.3d 39 (2d Cir. 1998); *Mousa v. Lauda Air Luftfahrt, A.G.*, 258 F. Supp. 2d 1329 (S.D. Fla. 2003).  The opinions cited for the first time in Davenport's Motion for Reconsideration [109] concern the issue of personal jurisdiction and say nothing about Title VII.  *See, e.g.*, *Burnham v. Superior Court of Cal., County of Marin*, 495 U.S. 604, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990); *Mink v. AAAA Dev. LLC*, 190 F.3d 333 (5th Cir. 1999).  The United States Supreme Court has held that § 2000e(b)'s employee numerosity requirement "is an element of a plaintiff's claim for relief, not a jurisdictional issue."  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006).  Moreover, it is generally accepted that Title VII does not extend extraterritorially to foreign citizens working outside the United States.[1]  The Court finds nothing in the text of Title VII establishing an expansive and nearly unlimited exception to this rule whenever a foreign citizen communicates (electronically, telephonically, or via standard mail) with someone in the United States.  Accepting Davenport's reconsideration argument would thus ignore the well-established principle that "[w]hen a statute gives no clear indication of an extraterritorial application, it has none."  *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 255, 130 S. Ct. 2689, 177 L. Ed. 2d 535 (2010).  For all of these reasons, the dismissal of Davenport's Title VII cause of action due to her failure to show

---

[1] *See, e.g.*, *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 422 (D.C. Cir. 2005) ("Title VII does not extend extraterritorially to any person who is not an American citizen."); *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 524 n.34 (5th Cir. 2001) ("Title VII does not govern aliens employed outside the United States."); *Iwata v. Stryker Corp.*, 59 F. Supp. 2d 600, 604 (N.D. Tex. 1999) ("Non-citizens working outside the United States are not protected because they are not considered employees.").

that HansaWorld USA employed fifteen or more individuals in the United States "for each working day in each of twenty or more calendar weeks in the current or preceding calendar year" will stand. 42 U.S.C. § 2000e(b).

### C. The Dismissal of HansaWorld Holding

Davenport argues that the Court applied the wrong standard in dismissing HansaWorld Holding. According to Davenport, the Court applied a summary judgment standard, whereas it should have looked solely to the pleadings in determining whether HansaWorld USA was the alter ego of HansaWorld Holding for purposes of personal jurisdiction. Davenport argues she "must be afforded proper discovery" before the Court can look to matters outside the pleadings. (Pl.'s Mot. for Recon. [109] at ¶ 36.)

The above-stated assertions of error are without merit. It is the law in the Fifth Circuit and the law of this case "that 'a court is not restricted to a review of the plaintiff's pleadings' in determining personal jurisdiction, and that this issue of jurisdiction may be resolved through affidavits, oral testimony, depositions or any other form of discovery." *Davenport v. HansaWorld USA*, No. 2:12cv233, 2013 WL 5406900, at *3 (S.D. Miss. Sept. 25, 2013) (quoting *Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 667 (5th Cir. 2000)). The Court applied the correct standard in considering the numerous non-pleading documents submitted by both HansaWorld Holding *and* Davenport on the issue of personal jurisdiction. It strains credulity for Davenport to file, *inter alia*, an affidavit, banking records, immigration records, and a deposition transcript, and then claim the Court should have looked only to her pleadings in resolving the Motion to Dismiss [94]. Moreover, Davenport never asked the Court to stay its ruling on HansaWorld Holding's request for dismissal so that she could conduct discovery.[2] Accordingly, the Court's dismissal of HansaWorld

---

[2] Davenport previously requested a stay of HansaWorld USA's Motion to Dismiss [69], but her counsel advised the Court that further discovery was unnecessary for the Court's

Holding will also not be revised.

### D. Subject Matter Jurisdiction over Davenport's Remaining State Law Claims

Given the dismissal of Davenport's federal cause of action, the Court requested briefing from the parties regarding whether original diversity jurisdiction or supplemental jurisdiction existed over Davenport's state law claims. The Court is satisfied that the requirements of diversity jurisdiction are met in this case upon review of the parties' filings. Therefore, the Court must exercise jurisdiction over the remaining state causes of action. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 250 (5th Cir. 2011). The parties will be directed to schedule a case management conference with the Magistrate Judge so that proceedings on these claims may resume.

### III.  CONCLUSION

Davenport has failed to present any ground the Court deems sufficient for reconsideration of its Memorandum Opinion and Order [108].

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Reconsideration [109] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that counsel for the parties are to contact the chambers of the United States Magistrate Judge Michael T. Parker within fourteen (14) days of the entry of this Order to schedule a case management conference.

SO ORDERED AND ADJUDGED this the 30th day of June, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

resolution of that motion after it was fully briefed by the parties.  (*See* Order [105] at ¶ 2.)