IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**KIMBERLEE DAVENPORT**                                              **PLAINTIFF**

**V.**                                 **CIVIL ACTION NO. 2:12-CV-233-KS-MTP**

**HANSAWORLD USA, INC.**                                       **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Plaintiff Kimberlee Davenport's Motion for Certification for Interlocutory Appeal [118]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds that the motion is not well taken and should be denied.

**I.  RELEVANT BACKGROUND**

On May 20, 2014, the Court entered its Memorandum Opinion and Order [108], granting the Defendant HansaWorld USA, Inc.'s ("HansaWorld USA") Partial Motion to Dismiss or, in the Alternative, for Summary Judgment [69], and the Defendant HansaWorld Holding Limited's ("HansaWorld Holding") Motion to Dismiss [94]. Davenport's Title VII cause of action was dismissed because she could not establish that HansaWorld USA employed "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year" pursuant to Title 42 U.S.C. § 2000e(b). HansaWorld Holding was dismissed from the litigation without prejudice for lack of personal jurisdiction.

On June 2, 2014, Davenport filed her Motion for Reconsideration [109], arguing that the Court's Order [108] contained several erroneous legal rulings. On June 30, 2014, the Court denied Davenport's request for reconsideration. (*See* Mem. Op. & Order [116].)

Davenport now seeks certification of the Court's Order [108] for immediate

appellate review pursuant to 28 U.S.C. § 1292(b). The motion has been fully briefed and the Court is ready to rule.

## II.  DISCUSSION

Section 1292(b) states in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

28 U.S.C. § 1292(b). The United States Court of Appeals for the Fifth Circuit strictly construes the requirements of § 1292(b). *See Ala. Labor Council v. Alabama*, 453 F.2d 922, 924 (5th Cir. 1972). Interlocutory appeals under this statute are only granted in "exceptional cases". *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985). "They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation." *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983).

Regardless of whether the Court's Order [108] encompasses controlling issues of law over which substantial differences of opinion exist, an immediate appeal would in no way advance the ultimate termination of this lawsuit. Davenport's state law claims for defamation, intentional and negligent infliction of emotional distress, discharge in violation of public policy, breach of contract, breach of good faith and fair dealing, and negligent supervision and training were not dismissed via the subject order. The trial of those claims is presently set for August, 2015. (*See* Case Mgmt. Order [124].) An appeal at this juncture would further delay the resolution of Davenport's state law causes of action

and increase the likelihood of piecemeal appellate review. Several district courts have refused § 1292(b) certification under similar circumstances.[1]

On the other hand, Davenport cites no legal opinions in support of her § 1292(b) argument that if the Fifth Circuit finds in her favor in an appeal following final judgment, "the parties would be forced, at further added expense and delay, to conduct discovery regarding the Title VII issues and alter ego status of HansaWorld . . . ." (Pl.'s Mem. in Supp. of Mot. for Cert. for Inter. Appeal [119] at ¶ 60.) Davenport's argument is also logically unsound. It appears that the parties engaged in little to no discovery prior to the entry of the Court's Order [108]. Thus, the parties would be required to conduct discovery regarding the Title VII and alter ego issues following a ruling in Davenport's favor in an interlocutory appeal *or* a post-judgment appeal. Davenport's argument also overlooks the distinct possibility that the Fifth Circuit may affirm this Court's rulings on appeal (either interlocutory or post-judgment), precluding the necessity of any discovery on these distinct issues. Further, Davenport ignores the time, costs, and expenses

---

[1] *See, e.g.*, *Trunzo v. CitiMortgage*, 876 F. Supp. 2d 521, 549 n.12 (W.D. Pa. 2012) ("The Court further concludes that expedited and piecemeal appellate review as to some, but not all, claims . . . against only one of several defendants will not materially advance the ultimate termination of the litigation."); *Jay Bearden Constr., Inc. v. Unlimited Constr., Inc.*, No. 1:10cv480, 2011 WL 4737572, at *3 (S.D. Miss. Oct. 5, 2011) (denying the defendant's request for § 1292(b) certification where an appeal from an interlocutory ruling would have only addressed some of the claims pending before the court); *City of Charleston, S.C. v. Hotels.com, LP*, 586 F. Supp. 2d 538, 547 (D.S.C. 2008) (same outcome because "even if this court were to certify the issue for interlocutory appeal, the court of appeals were to accept the interlocutory appeal, and the court were to decide in favor of the Defendants, both parties would still have to come back before this court to litigate the remaining causes of action"); *Dupree v. Kaye*, No. 3:07cv0768, 2008 WL 294532, at *3-4 (N.D. Tex. Feb. 4, 2008) (holding that an interlocutory appeal would not materially advance the ultimate termination of the litigation since claims against certain defendants were outside the scope of the requested appeal); *Rich v. Bud's Boat Rental, Inc.*, No. Civ.A. 96-3279, 1997 WL 785669, at *2 (E.D. La. Dec. 18, 1997) (same).

associated with two appeals to the Fifth Circuit. As a result, the Court fails to discern how an interlocutory appeal would significantly reduce delay and result in any appreciable cost savings for the parties.

### III.  CONCLUSION

Davenport, as the moving party, has not shown "that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b).

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Certification for Interlocutory Appeal [118] is denied.

SO ORDERED AND ADJUDGED this the 3rd day of September, 2014.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE