IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**KIMBERLEE DAVENPORT**                                                                    **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 2:12-CV-233-KS-MTP**

**HANSAWORLD, USA**                                                                       **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Kimberlee Davenport's ("Plaintiff") Motion for Stay [204]. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is well taken and that it should be granted.

### I.  BACKGROUND

This action was filed on December 13, 2012, after the alleged wrongful termination of Plaintiff from her employment with Defendant HansaWorld USA ("Defendant"). On January 13, 2015, the 11th Judicial Circuit for Miami-Dade County, Florida, entered a judgment of $265,719.45 against Plaintiff and in favor of Defendant. On June 30, 2015, Defendant obtained an Alias Writ of Execution [201-1], pursuant to which the Sheriff of Forrest County, Mississippi, scheduled the execution sale of Plaintiff's chose in action in the current case.

Plaintiff filed an Emergency Motion to Quash Writ of Execution [204-1], which was granted but required Plaintiff to post $100,000 in bond. (*See* Circuit Court Order [201-3].) Plaintiff was unable to post this bond, and the sale of her chose in action commenced. Defendant purchased the chose in action for $1,000.00 on July 13, 2015. (*See* Return on Alias Writ [201-4].) Defendant subsequently filed its Motion to Substitute Party ("Motion to Substitute") [201] on July 15, 2015.

On July 31, 2015, Plaintiff appealed from the Circuit Court Order [201-3] to the Mississippi Supreme Court, challenging the validity of the bond and the sale. (*See* Notice of Appeal [204-2].) On August 2, 2015, Plaintiff filed the current Motion for Stay [204] with this Court, requesting a stay of proceedings until the Mississippi Supreme Court rules on her appeal.

## II. DISCUSSION

It is in the discretionary power of the district court to stay proceedings "in the interest of justice and in control of [its] docket[]." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544-45 (5th Cir. 1983). This discretionary power is not without bounds, as the district court must weigh the competing interests of the parties. *Id.* at 545 (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L.Ed. 153 (1936)). The party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward." *Id.* (quoting *Landis*, 299 U.S. at 255, 75 S. Ct. 163). Furthermore, the Supreme Court has held that a stay must be "so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Landis*, 299 U.S. at 257, 75 S. Ct. 163. "There is nothing per se impermissible, however, about staying a lawsuit until after another related action has been tried." *In re Beebe*, 56 F.3d 1384 (5th Cir. 1995) (per curiam).

It is clear that a weighing of the equities in this case would favor granting the Plaintiff a stay. If not granted a stay, the Court would be forced to recognize the sale of her chose in action in this proceeding and grant Defendant's Motion to Substitute [201]. Defendant has already announced its intention to move for the action to be dismissed with prejudice should its Motion to Substitute [201] be granted, which would render moot Plaintiff's pending appeal in state court. Defendant, however, will only be minimally affected by a stay in these proceedings. Defendant would be required to answer the appeal in the state court action, which it is already required to

do.  Should Defendant be successful in the state court, it would also have to file a motion to lift the stay and to dismiss in this Court, which is no burden as, without the stay, it would also have to file a similar motion to dismiss after its Motion to Substitute [201] was granted.  The only hardship that may befall the Defendant as a result of this stay would be if the state appellant court decided against it and found that the sale of the chose in action were not valid.  However, the Court will not deny a stay because the result absent a stay would have unjustly favored Defendant.

Therefore, in weighing the interests of the parties, as well as the interests of justice, it is evident that a stay is warranted in this case.  The Court, however, must also consider whether the duration of such a stay would be reasonable.

Defendant urges the Court to deny Plaintiff's Motion for Stay [204] pursuant to *McKnight v. Blanchard*, 667 F.2d 477 (5th Cir. 1982).  The Fifth Circuit in *McKnight* held that "stay orders will be reversed when they are found to be immoderate or of an indefinite duration." *Id.* at 479.  Because the stay requested is dependant on a ruling by the Mississippi Supreme Court in the related state proceeding, Defendant contends that there is no way of knowing when the stay would end, making it "indefinite" in nature.  However, if this alone were enough to make a stay impermissibly indefinite, the district court would never have the power to stay a case pending a decision is in a related action, as it is impossible to predict when such decisions by other courts will be handed down.[1]  In *McKnight* itself, the Fifth Circuit did hold that the stay

---

[1] Defendant quotes *Ortega Trujillo v. Conover & Co. Commons, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) as stating that ". . . courts have customarily vacated orders that stay cases pending the conclusion of another decision." (Response [208] at p. 2.)  This quote is found nowhere in *Ortega*.  *Ortega* does state, however, that "[w]hen a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay." 221 F.3d at 1264.  *Ortega*, then, like the

3

was indefinite, but was more concerned about the fact that it may have lasted for seven or more years without any reason being given for such a protracted stay. 667 F.2d at 479. The Fifth Circuit found that such a long stay, absent any justification, was an abuse of discretion by the district court. *Id.*

In the current case, the Court feels that any stay granted would be within reasonable limits. The stay would last only until the appeal currently pending in the state appellate court reaches a disposition. These limits are "susceptible of prevision and description" as required by the Supreme Court in *Landis*. *See* 299 U.S. at 257, 75 S. Ct. 163. Furthermore, as the state appeal has been pending since the Notice of Appeal [204-2] was filed on July 31, 2015, the Court anticipates that a resolution will be reached in the appeal within a year, if not much sooner. The duration of the stay, then, would not be unreasonable.

Defendant further argues that the Mississippi Supreme Court may not reach the validity of the execution sale when it decides on the appeal. The Court is in no position, however, to guess how the Mississippi Supreme Court will decide the merits of an appeal grounded in state law, and will not deny a stay based on speculation of what the state court may do.

For the foregoing reasons, the Court finds that a stay of these proceedings pending a resolution of the state court appeal is appropriate. The Motion for Stay [204] will therefore be **granted** and this action will be **stayed** pending the decision by the Mississippi Supreme Court.

### III.  CONCLUSION

---

precedents from the Fifth Circuit, upholds the discretion of the court to stay an action pending resolution of a related proceeding.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion for Stay [204] is **granted**.  This action will be stayed pending a decision by the Mississippi Supreme Court in the pending appeal in the related state court action.

SO ORDERED AND ADJUDGED this the 25th day of January, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE